NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1253

OUTSIDE THE BOX INNOVATIONS, LLC (doing business as Union Rich USA),

Plaintiff/Counterclaim Defendant-
Appellee,

and

BONAKA LIMITED, BONAKA PLASTIC MANUFACTURING CO., LTD.,
and UNION RICH PLASTIC FACTORY, LTD.,

Counterclaim Defendants-
Appellees,

and

TERRY KINSKEY, LYNN MARTINEAU, CHRISTOPHER URE,
and MATT WILLIAMS,

Counterclaim Defendants,

v.

TRAVEL CADDY, INC.,

Defendant/Counterclaimant-
Appellant,

and

ROOSTER PRODUCTS (doing business as The Rooster Group),

Defendant/Counterclaimant.

Robert M. Ward, Myers & Kaplan, LLC, of Atlanta, Georgia, argued for plaintiff/counterclaim defendant-appellee and counterclaim defendants-appellees. With him on the brief were Ashish D. Patel, Barry E. Kaplan, and Justin C. Ward.

Jon O. Nelson, Banner & Witcoff, Ltd., of Chicago, Illinois, argued for defendant/counterclaimant-appellant. With him on the brief were Marc S. Cooperman, Scott A. Burow, and Aimee B. Kolz.

Appealed from: United States District Court for the Northern District of Georgia

Judge Orinda D. Evans

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1253

OUTSIDE THE BOX INNOVATIONS, LLC (doing business as Union Rich USA),

Plaintiff/Counterclaim Defendant-
Appellee,

and

BONAKA LIMITED, BONAKA PLASTIC MANUFACTURING CO., LTD.,
and UNION RICH PLASTIC FACTORY, LTD.,

Counterclaim Defendants-
Appellees,

and

TERRY KINSKEY, LYNN MARTINEAU, CHRISTOPHER URE,
and MATT WILLIAMS,

Counterclaim Defendants,

v.

TRAVEL CADDY, INC.,

Defendant/Counterclaimant-
Appellant,

and

ROOSTER PRODUCTS (doing business as The Rooster Group),

Defendant/Counterclaimant.

Appeal from the United States District Court for the Northern District of Georgia in case no. 1:05-CV-2482, Judge Orinda D. Evans.

_____

DECIDED: January 15, 2008
_____

Before BRYSON, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

Opinion for the court filed by <u>Senior Circuit Judge</u> ARCHER. Opinion concurring-in-part and dissenting-in-part filed by <u>Circuit Judge</u> DYK.

ARCHER, <u>Senior Circuit Judge</u>.

Travel Caddy, Inc. ("Travel Caddy") appeals the order of the United States District Court for the Northern District of Georgia denying its motion for a preliminary injunction. <u>Outside the Box Innovations, LLC v. Travel Caddy, Inc.</u>, No. 1:05-cv-2482 (N.D. Ga. Mar. 27, 2007). Because the district court did not abuse its discretion in determining that Travel Caddy is unlikely to succeed in showing Outside the Box Innovations' ("OTB") Electricians CarryAlls and Heavy-Duty ProTool bags infringe U.S. Patent No. 6,991,104 ("the '104 patent"), we <u>affirm</u>.

I

The '104 patent is drawn to a case for storing and carrying tools. Travel Caddy sought to enjoin OTB from making, selling, and offering for sale its Heavy-Duty ProTool Bag ("ProTool") and Electrician CarryAlls Bag ("CarryAlls"), asserting they infringed the '104 patent. Specifically, Travel Caddy alleged that the ProTool infringed claims 19, 21, and 23 and that the CarryAlls infringed claims 26-28.

The relevant independent claims recite:

19. A case for carrying tools or other items comprising, in combination:
a planar, fabric covered first end panel having a generally rigid lower section with a bottom side edge, a front side edge and a back side edge, and an upper section;
a second, planar, fabric covered end panel constructed substantially identical to the first end panel and having a configuration generally congruent with the first end panel and parallel to and spaced from the first end panel and, said second panel also including a bottom edge, a front side edge and a back side edge;

a planar, generally rigid, fabric covered, rectangular perimeter shaped, bottom panel <u>between</u> the first and second end panels to form a generally three sided, generally rigid, fabric covered box with the first and second end panels extending upwardly from the bottom panel, said bottom panel including a front edge, a back edge, and first and second side edges;
a first, <u>flexible, fabric</u> front <u>panel</u> having a top edge and <u>joined between</u> the front side edges of the first and second end panels;
a second, <u>flexible fabric</u> back <u>panel</u> having a top edge and <u>joined between</u> the backside edges of the first and second end panels; and
a continuous, closed loop binding extending over fabric covering the bottom panel and the flexible panels, said binding stitched thereto along the side edges of the bottom panel and the side edges and top edges of the flexible panels.

26.  A case for carrying tools or other items comprising, in combination:
a planar, fabric covered first end panel having a generally rigid lower section with a bottom side edge, a front side edge and a back side edge, and an upper section;
a second, planar, fabric covered end panel constructed substantially identical to the first end panel and having a configuration generally congruent with the first end panel and parallel to and spaced from the first end panel and, said second panel also including a bottom edge, a front side edge and a back side edge;
a planar, generally rigid, fabric covered, bottom panel <u>between</u> the first and second end panels to form a generally three sided, generally rigid, fabric covered box with the first and second end panels extending upwardly from the bottom panel, said bottom panel including a front edge, a back edge, and first and second side edges;
a first, <u>flexible, fabric</u> front <u>panel</u> having a top edge and joined between the frontside edges of the first and second end panels;
a second, <u>flexible fabric</u> back <u>panel</u> having a top edge and <u>joined between</u> the back side edges of the first and second end panels; and
a continuous, closed loop binding extending over fabric covering the bottom panel, the end panels and the flexible panels, said binding stitched thereto along the front and back edges of the bottom panel, the side edges of the flexible panels and the front and back side edges of the end panels.

'104 patent col.8 ll.33-61; col.9 l.13-col.10 l.12 (emphases added).

The district court construed the term "between" as "in the interval defined by two end points; here, the outer edge of the panels of the case" and "joined between" as "fastened in and through the interval defined by two end points; here the outer edge of

the end panels of the case." Outside the Box Innovations, No.1:05-cv-2482, slip op. at 7. Additionally, the district court construed the claim term "flexible" "in the context of 'flexible fabric . . . panel'" as "a panel made of a fabric that is capable of being bent or flexed." Id. at 13.

When reaching the merits of Travel Caddy's motion for a preliminary injunction, the district court found that Travel Caddy had not shown a likelihood of success for proving infringement of claim 19, because in the ProTool the bottom panel, as well as the front and back panels, extends beyond the edges of the end panels. Id. at 7. Turning to claim 26, the district court concluded that Travel Caddy had shown a likelihood of success in proving that the "between" limitation was present in the CarryAlls, because neither the bottom, front, nor back panel extended beyond the edges of the end panels. Id. at 8. However, the court determined that Travel Caddy ultimately had not shown a likelihood of success for proving infringement of claim 26, because the CarryAlls "does not contain any flexible panels." Id. at 14.

Concluding that Travel Caddy was unlikely to succeed on its infringement claim, the district court denied the motion for a preliminary injunction. Travel Caddy appeals, and we have jurisdiction under 28 U.S.C. § 1292(c)(1).

II

We review a district court's denial of a preliminary injunction for an abuse of discretion. Varco, L.P. v. Parson Sys. USA Corp., 436 F.3d 1368, 1372 (Fed. Cir. 2006). However, we review a district court's claim construction de novo. Markman v. Westview Instruments, Inc., 517 U.S. 370, 390 (1996). Further, we have explained that an erroneous claim construction can be "legal error, leading to an abuse of discretion in

denying the motion for a preliminary injunction." Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys., 132 F.3d 701, 707 (Fed. Cir. 1997).

III

A claim term "must be read in view of the specification of which [it is] a part." Phillips v. AWH Corp., 415 F.3d 1303, 1315 (Fed. Cir. 2005) (quoting Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995), aff'd 517 U.S. 370 (1996)). However, the specification cannot be used to read nonexistent limitations into a claim. Prima Tek II, LLC v. Polypap, S.A.R.L., 318 F.3d 1143, 1148 (Fed. Cir. 2003).

The district court concluded that "nowhere in the patent claims, specification, or prosecution history is there intrinsic evidence to support a construction that allows for 'a bottom panel extending outwardly beyond the end panels.'" Outside the Box Innovations, LLC v. Travel Caddy, Inc., No.1:05-cv-2482, slip op. at 12 (Sept. 19, 2006) ("Claim Construction Order"). Thus, the court construed "between" as "'[i]n the interval defined by two end points; here, the outer edge of the end panels of the case'" and "joined between" as "'[f]astened in and through the interval defined by two end points; here, the outer edge of the end panels of the case.'" Id. at 12-13.

Travel Caddy argues that the district court unnecessarily restricted the meaning of the claim term "between" and "joined between." [1] Specifically, Travel Caddy asserts that "between" should be construed so as to include an embodiment in which the bottom, front, and back panels extend beyond the end panels, an embodiment Travel Caddy argues is illustrated in Figure 10 of the '104 patent. We disagree.

---

[1] Only the term "between" is addressed in this opinion, as Travel Caddy takes issue with the district court's construction of "between" and not "joined."

Travel Caddy is correct that the preposition "between" could be used to describe something that extends beyond the bounds of the objects of the preposition. For example, if person C sits to the right of person A and to the left of person B, C is said to sit "between" A and B. If person C then puts his right arm around B's shoulders and his left arm around A's shoulders, C could still be said to sit "between" A and B. However, the written description and drawings of the '104 patent do not support such a broad interpretation of the term "between" in the claims.

Considered in isolation, the '104 patent's Figure 10 appears to illustrate a bag having a portion that extends beyond the end panel. Travel Caddy argues that that portion is part of the bottom panel. However, the written description demonstrates that the areas seen to be extending beyond the end panels are simply the bindings connecting fabric layers. When referring to Fig. 10, the written description states "all of the described panels are fabric covered, preferably by two layers of fabric which are sewn together and retained along their edges by a binding." '104 patent col.6 ll.11-13. The written description further notes that "the binding techniques, as well as the assembly techniques associated with the tool bag of FIGS. 10 and 11, is [sic] substantially similar to or the same as previously described with respect to the other embodiments of the invention." Id. at ll.39-43. Finally, the written description states that while "modifications may be made to the construction[,] . . . the use of binding 40 in a closed loop configuration as described enables such variations." Id. at ll.59-62.

The significance of these statements is apparent when examining Figure 4 of the '104 patent, the only figure depicting the binding of the claimed invention. Id. at col.2 ll.27-28 (describing Figure 4 as "a cross-sectional view of the binding construction of the

carrying case"). The written description specifically refers to Figure 4 when describing Figures 1, 2, and 5, and the binding illustrated in Figure 4 is the only binding that can be considered "previously described."



FIG.4

Figure 4 shows a rigid board or panel member, 24, covered by two fabric layers, 20 and 22. These elements encompass the fabric-covered bottom panel of the claims. Reference number 28 is one of the fabric end panels of the claims. A binding, 40, "folds over the edges of the layers of fabric 28, 22, and 20 and connects them one to the other by means of a single seam." Id. at col. 3 ll.45-47. Important to the present case, Figure 4 illustrates that the bottom fabric covered panel and the fabric end panel are coterminous. As explained above, this is the only representation of the binding of the panels, and the written description states that the binding used for the embodiment of Figure 10 "is substantially similar to or the same as previously described with respect to the other embodiments of the invention." Id. at col.6 ll.39-43.

Thus, contrary to Travel Caddy's argument, the district court's construction of between does not exclude an embodiment of the invention contained in the written description.

Because we find no error in the district court's construction of the term "between," and it is undisputed that the bottom, front, and back panels of the ProTool extend beyond the edges of the end panels, we agree with the district court that Travel Caddy

has not shown a likelihood of success in proving that OTB infringes claim 19 of the '104 patent.

Travel Caddy also argues that the district court erred in applying the claim term "flexible, fabric . . . panel" in the context of claim 26. Travel Caddy reargues on appeal that the addition of an unclaimed element, here a reinforcing member, does not mandate a finding of noninfringement.

Claim 26 recites both "flexible . . . fabric panel[s]" and "fabric covered . . . panel[s]." The difference being that a "flexible . . . fabric panel"[2] is primarily a fabric panel, while a "fabric covered . . . panel" includes a piece of material which is then covered by fabric. Claim 27 adds that a reinforcing member may be sewn into the "flexible [fabric] panels." However, such a reinforcing member cannot be of the type that would turn a "flexible [fabric] . . . panel" into a "fabric covered . . . panel," as this would render the distinction between the claim terms "fabric covered . . . panel" and "flexible . . . fabric panel" meaningless. Such a result would be inconsistent with our case law. See CAE Screenplates, Inc. v. Heinrich Fiedler GmbH & Co. KG, 224 F.3d 1308, 1317 (Fed. Cir. 2000) ("In the absence of any evidence to the contrary, we must presume that the use of these different terms in the claims connotes different meanings." ); Applied Med. Res. Corp. v. U.S. Surgical Corp., 448 F.3d 1324, 1333 n. 3 (Fed. Cir. 2006) ("[T]he use of two terms in a claim requires that they connote different meanings . . . .").

The reinforcing member in each of the panels of the CarryAlls appears to extend virtually the entire length and width of the fabric material. Thus, the panels of the

---

[2]    The district court construed "flexible fabric . . . panel" as "[a] panel made of fabric that is capable of being bent or flexed."

CarryAlls are "fabric covered . . . panel[s]" and are not "flexible fabric . . . panels." Therefore, the CarryAlls does not contain the "flexible fabric . . . panel" limitations of claim 26.

Travel Caddy's argument that when the open transition term "comprising" is used the addition of an unclaimed element does not mandate a finding of noninfringement is well taken. However, in this case the inclusion of an additional element changed the structure of the purported infringing object such that it could not infringe.

Accordingly, because the CarryAlls does not contain either of the claimed "flexible fabric . . . panel[s]," we agree with the district court that Travel Caddy has not shown a likelihood in success for proving OTB infringes claim 26.

IV

We find no error in the district court's determination that Travel Caddy has not shown a likelihood of success on the merits of its infringement claim. Therefore, we affirm the district court's denial of Travel Caddy's motion for a preliminary injunction.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1253

OUTSIDE THE BOX INNOVATIONS, LLC (doing business as Union Rich USA),

Plaintiff/Counterclaim Defendant-
Appellee,

and

BONAKA LIMITED, BONAKA PLASTIC MANUFACTURING CO., LTD.,
and UNION RICH PLASTIC FACTORY, LTD.,

Counterclaim Defendants-
Appellees,

and

TERRY KINSKEY, LYNN MARTINEAU, CHRISTOPHER URE,
and MATT WILLIAMS,

Counterclaim Defendants,

v.

TRAVEL CADDY, INC.,

Defendant/Counterclaimant-
Appellant,

and

ROOSTER PRODUCTS (doing business as The Rooster Group),

Defendant/Counterclaimant.

Appeal from the United States District Court for the Northern District of Georgia in case
no. 1:05-CV-2482, Judge Orinda D. Evans.

DYK, Circuit Judge, concurring-in-part and dissenting-in-part.

I agree with the majority's conclusion that the District Court correctly applied the claim term "flexible fabric . . . panel" in claim 26 to the appellee's Electrician CarryAlls Bag ("CarryAlls Bag") and correctly found that Travel Caddy will not likely succeed in proving that the CarryAlls Bag infringes claim 26. However, in my view, the majority incorrectly restricted the scope of claim 19 by construing the claim term "between" to mean "only between" and incorrectly approved the district court's finding that Travel Caddy will not likely succeed in proving that appellee's Heavy-Duty ProTool Bag ("ProTool Bag") infringes claim 19. I respectfully dissent from that aspect of the majority decision.

The majority correctly recognizes that "the preposition 'between' could be used to describe something that extends beyond the bounds of the objects of the preposition." Maj. Op. at 5. In other words, a front panel, for example, could be "between" two end panels even if the front panel extends beyond the two end panels. However, the majority finds that the "written description and drawings of the '104 patent do not support such a broad interpretation of the term 'between' in the claims." Id. at 6. I do not disagree with the majority's claim construction in this respect. The claim is satisfied if the front and back panels extend to each edge of the end panels; it does not require that the front and back panels extend beyond the edges of the end panels.

The problem in my view is the next step in the majority's construction, which is to treat the "between" limitation as though it read "only between." There is no support for such a reading in the claim language, the specification, or the prosecution history.

Indeed, the claim's use of the term "comprising" is directly inconsistent with such a construction. It is well established that "comprising" is a "term of art used in claim language which means that the named elements are essential, but other elements may be added and still form a construct within the scope of the claim." Genentech, Inc. v. Chiron Corp., 112 F.3d 495 (Fed. Cir. 1997); Manual of Patent Examining Procedure § 2111.03 "Transitional Phrases" (8th ed., Rev. 5, 2006) ("The transitional term 'comprising' . . . is inclusive or open-ended and does not exclude additional, unrecited elements . . . ."). Here, the additional feature, extensions of the front and back panels beyond the end panels, is fully consistent with the "comprising" formulation and does not render the accused bags non-infringing.

The majority's approach here is not unlike the approach we rejected in Stiftung v. Renishaw PLC, 945 F.2d 1173 (Fed. Cir. 1991). In Stiftung, the claims were directed to a device for mounting a stylus in a position-determining apparatus and were written as "comprising" claims. Id. at 1177-78. The district court had concluded that the accused device, though it included each of the claimed limitations, also included an additional signaling means, but that "[t]here is nothing in the specification in regard to any embodiment which describes a signalling device which is activated by a piezoelectric element or other means." Id. (quoting Stiftung v. Renishaw PLC, 740 F. Supp. 1038, 1046 (S.D.N.Y. 1990)). That observation, we found, was irrelevant. Id. We explained:

> The point is not whether the specification suggests the use of any means of signalling contact other than the kinematic mount claimed, but rather, whether the claim and specification in effect preclude any additional signalling means or otherwise require that the claim be limited to devices containing only the structures of the embodiments specifically described in the specification. Indeed, claim 2, which uses the term "comprising," is an "open" claim which will read on devices which add additional elements . . . .

Id. at 1178 (emphasis in original). We concluded that "the addition of another signalling means using a piezoelectric crystal does not avoid infringement." Id. See also Free Motion Fitness, Inc. v. Cybex Int'l, Inc., 423 F.3d 1343, 1353 (Fed. Cir. 2005) (holding that an additional, undesirable prior art feature found in the infringing device did not preclude a finding of infringement).

Here, the accused ProTool Bag meets each limitation of claim 19 but includes the additional feature that the front and back panels extend beyond the end panels. The majority does not find that the patentee, in either the specification or the prosecution history, made an explicit disclaimer of claim scope in this respect. Because I think that claim 19 does not exclude bags that have front and back panels that extend beyond end panels, I would find that Travel Caddy has shown a likelihood of success with respect to the Pro Tool Bag. I would reverse that aspect of the District Court's judgment.